UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| Terron Gerhard Dizzley, | ) | Civil Action No.: 2:18-cv-01951-RBH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| South Carolina and Leah B. Moody, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

This matter is before the Court for review of Plaintiff's objections to the Report and Recommendation ("R & R") of United States Magistrate Judge Jacquelyn D. Austin, who recommends summarily dismissing this action and denying Plaintiff's motion for an injunction as moot.[1] *See* ECF Nos. 18 & 20.

**Standard of Review**

The Magistrate Judge makes only a recommendation to the Court. The Magistrate Judge's recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The Court must conduct a de novo review of those portions of the R & R to which specific objections are made, and it may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

The Court must engage in a de novo review of every portion of the Magistrate Judge's report

---

[1] The Magistrate Judge issued the R & R in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02 (D.S.C.), and she reviewed Plaintiff's pro se complaint pursuant to the screening provisions of 28 U.S.C. §§ 1915(e)(2) and 1915A. The Court is mindful of its duty to liberally construe the pleadings of pro se litigants. *See Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). *But see Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985) ("Principles requiring generous construction of pro se complaints are not, however, without limits. *Gordon* directs district courts to construe pro se complaints liberally. It does not require those courts to conjure up questions never squarely presented to them.").

to which objections have been filed. *Id.* However, the Court need not conduct a de novo review when a party makes only "general and conclusory objections that do not direct the [C]ourt to a specific error in the [M]agistrate [Judge]'s proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). In the absence of specific objections to the R & R, the Court reviews only for clear error, *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005), and the Court need not give any explanation for adopting the Magistrate Judge's recommendation. *Camby v. Davis*, 718 F.2d 198, 199–200 (4th Cir. 1983).

## **Discussion**[2]

Plaintiff, a state prisoner proceeding pro se and in forma pauperis, has filed this action pursuant to 42 U.S.C. § 1983 against the State of South Carolina and Leah B. Moody—an attorney retained to represent him in his state post-conviction relief ("PCR") action. *See* ECF No. 1 (complaint). The Magistrate Judge recommends summarily dismissing this action because (1) the State of South Carolina is immune from suit in federal court pursuant to the Eleventh Amendment and (2) Defendant Moody is not a state actor for purposes of § 1983. R & R at pp. 6–8.

Plaintiff does not specifically object to the Magistrate Judge's recommendation regarding the State of South Carolina. *See Diamond & Camby*, *supra* (stating that absent a specific objection, the Court need only review the R & R for clear error and need not give reasons for adopting it). Regardless, the Court agrees with the Magistrate Judge that the Eleventh Amendment bars suit against South Carolina. *See Fla. Dep't of State v. Treasure Salvors, Inc.*, 458 U.S. 670, 684 (1982) ("A suit generally may not be maintained directly against the State itself, or against an agency or department of the State,

---

[2] The R & R thoroughly summarizes the factual and procedural background of this case, as well as the applicable legal standards.

2

unless the State has waived its sovereign immunity."); *Allen v. Cooper*, 895 F.3d 337, 347 (4th Cir. 2018) ("Eleventh Amendment immunity protects the States, their agencies, and officials from suit *in federal court*.").

Plaintiff does specifically object to the Magistrate Judge's recommendation regarding Defendant Moody. *See* ECF No. 20 at pp. 1–4. As fully explained in the R & R, Plaintiff's allegations concern his dissatisfaction with Defendant Moody's representation in his state PCR action, including her alleged refusal to return the retainer fee paid by Plaintiff's mother.[3] However, purely private conduct such as that allegedly engaged in by Defendant Moody, no matter how wrongful, injurious, fraudulent, or discriminatory, is not actionable under 42 U.S.C. § 1983. *See Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 936 (1983). Defendant Moody is not a state actor, and her actions in representing Plaintiff in his PCR case do not constitute state action or action under color of state law because "[a] lawyer representing a client is not, by virtue of being an officer of the court, a state actor 'under color of state law' within the meaning of § 1983." *Polk County v. Dodson*, 454 U.S. 312, 318 (1981). Moreover, "[a] private attorney who is retained to represent a criminal defendant is not acting under color of state law, and therefore is not amenable to suit under s 1983." *Deas v. Potts*, 547 F.2d 800, 800 (4th Cir. 1976); *see also Fleming v. Asbill*, 42 F.3d 886, 890 (4th Cir. 1994) ("Private lawyers do not act 'under color of state law' merely by making use of the state's court system."). Accordingly, Defendant Moody is not amenable to suit under § 1983.

## Conclusion

For the foregoing reasons, the Court **OVERRULES** Plaintiff's objections, **ADOPTS** the R & R [ECF No. 18], and **DISMISSES** this action *without prejudice and without issuance and service of*

---

[3] Plaintiff rehashes and supplements these allegations in his objections.

*process*.[4]  Plaintiff's motion for an injunction [ECF No. 2] is **MOOT**.

    **IT IS SO ORDERED.**

Florence, South Carolina  s/ R. Bryan Harwell
November 9, 2018  R. Bryan Harwell
    United States District Judge

---

[4] In the Court's view, Plaintiff cannot cure the defects in his complaint by mere amendment. *See Goode v. Cent. Virginia Legal Aid Soc'y, Inc.*, 807 F.3d 619, 623 (4th Cir. 2015). The Court therefore declines to automatically give Plaintiff leave to amend.